IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KRASHAUNDA DAVIS, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. ___________ |
| | ) | |
| v. | ) | COMPLAINT AND |
| | ) | JURY TRIAL DEMAND |
| WALGREEN LOUISIANA CO., INC., and | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendants | ) | |

Plaintiff Krashaunda Davis, through undersigned counsel, hereby alleges as follows:

**THE PARTIES**

1. Krashaunda Davis is an individual of the full age of majority and a resident of Plaquemines Parish, Louisiana.

2. Defendant Walgreen Louisiana Company, Inc., is a Louisiana corporation with its principal place of business in Louisiana.

3 Defendant Walgreen Company is an Illinois corporation with its principal place of business in Illinois. At all relevant times to this Complaint, Walgreen Company has employed more than 500 employees.

4. Defendant Walgreen Louisiana Company, Inc. is a wholly-owned subsidiary of Walgreen Co. At all relevant times to this Complaint, Walgreen Louisiana Company, Inc. has employed more than 500 employees.

5. Defendants operate a retail pharmacy located at 1556 LaPalco Boulevard in Harvey, Louisiana (the "Harvey Pharmacy").

## JURISDICTION AND VENUE

6. This Complaint is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*., and the Louisiana Employment Discrimination Law, La. Rev. Stat. § 23:341 *et seq*.

7. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

8. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

9. The events and omissions alleged herein took place primarily at the Harvey Pharmacy, which is located in Jefferson Parish, Louisiana. This Court is therefore the appropriate venue for this action. 28 U.S.C. § 98(a); 28 U.S.C. § 1391(b).

10. Plaintiff exhausted her administrative remedies by filing a charge asserting on November 29, 2016 with the Equal Opportunity Employment Commission ("EEOC"), which alleged discrimination based on sex, disability, and pregnancy. The EEOC mailed Ms. Davis a right-to-sue letter on December 14, 2016.

11. Plaintiff hereby requests a trial by jury on all causes of action set forth herein.

## FACTUAL ALLEGATIONS

12. Ms. Davis was hired by Defendants in November 2009, and has worked at the Harvey Pharmacy since that date. At all relevant times to this Complaint, her job position has been Photo Tech.

13. In early 2016, Ms. Davis, who was pregnant, informed Defendants that she was

suffering from complications related to high blood pressure.

14. Before becoming pregnant, Ms. Davis regularly worked a full time schedule of 37.5 hours per week. Once Ms. Davis began suffering from pregnancy-related high blood pressure, her doctor instructed her to work 30 hours per week in order to accommodate her condition. Ms. Davis informed Defendants of this medical restriction and provided Defendants with all necessary medical documentation to support this request.

15. After receiving this request, Ms. Davis's supervisor, Scott Whitely, began scheduling her for no more than 29.5 hours per week, and often less.

16. Defendants require retail employees to work for 30 hours per week in order to be eligible for benefits, including health-related benefits. As a result of this reduction in hours, Ms. Davis lost her insurance and benefits during her pregnancy, when she needed them most.

17. During this time period, Mr. Whitely made several unsolicited and unwelcome comments to Ms. Davis regarding her pregnancy and her health during working hours.

18. Despite Mr. Whitely's comments, Ms. Davis continued to competently perform all necessary job duties as a Photo Tech. Nonetheless, on March 3, 2016, Mr. Whitely removed Ms. Davis from the schedule without warning. Mr. Whitely told her that he made this decision because he believed it would be best for the baby, and that he thought it better for her to stay home to focus on her health and her baby.

19. Ms. Davis gave birth on April 11, 2016, and returned to work on July 1, 2016.

20. Upon her return to work, Ms. Davis was placed on a part-time schedule and not allowed to return to her previous full time schedule. She repeatedly requested additional hours, but her request was denied.

21. Shortly after returning to work, Ms. Davis was injured and requested leave under

the Family Medical Leave Act ("FMLA"). On September 12, 2016, Defendants denied this request because Ms. Davis had not worked 1,250 hours within the past 12 months. She was therefore required to return to work despite having suffered a serious health condition.

22. Defendants' unilateral decisions to reduce Ms. Davis's hours below 30 hours per week, and later to remove her from the schedule entirely because of her pregnancy, caused Ms. Davis to fall below the 1,250 hour threshold.

**FIRST CAUSE OF ACTION**

**PREGNANCY DISCRIMINATION ACT (42 U.S.C. § 2000e(k))**

23. Plaintiff hereby realleges and reincorporates paragraphs 1-22.

24. The Pregnancy Discrimination Act of 1978 expanded the coverage of Title VII to forbid discrimination on the basis of pregnancy, childbirth, or related medical conditions.

25. Defendants have unlawfully discriminated against Ms. Davis by removing her from the schedule due to her pregnancy, even though she was capable of performing all necessary job duties.

26. Defendants further unlawfully discriminated against Ms. Davis by refusing to return her to a full-time schedule after her return from pregnancy leave.

27. Defendants' actions were committed with malice and reckless indifference to Ms. Davis's rights.

28. As a direct and proximate consequence of Defendants' unlawful actions, Plaintiff has suffered injuries including, but not limited to, lost income, lost past and future wages, reinstatement, benefits, payment for health care, health insurance and various other expenses, pain and suffering, mental anguish, compensatory damages, punitive damages, and attorney's fees and costs, all to be specified at trial.

**SECOND CAUSE OF ACTION**

**LOUISIANA EMPLOYMENT DISCRIMINATION LAW (REV. STAT. § 23:341 *et seq.*)**

29. Plaintiff hereby realleges and reincorporates paragraphs 1-28.

30. The Louisiana Employment Discrimination Law, La. Rev. Stat. § 23:341 *et seq.*, guarantees any female employee who is affected by pregnancy, childbirth, or a related medical condition the same benefits or privileges of employment as are granted to other employees and prohibits an employer from discharging or otherwise discriminating against any such employee.

31. Defendants actions, as set forth above, violated the Louisiana Pregnancy Discrimination Act.

32. As a direct and proximate consequence of Defendants' unlawful actions, Plaintiff has suffered injuries including, but not limited to, lost income, lost past and future wages, reinstatement, benefits, payment for health care, health insurance and various other expenses, pain and suffering, mental anguish, compensatory damages, punitive damages, and attorney's fees and costs, all to be specified at trial.

**THIRD CAUSE OF ACTION**

**AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101 *et seq.*)**

33. Plaintiff hereby realleges and reincorporates paragraphs 1-32.

34. At all times relevant to this Complaint, Defendants have been covered employers as defined by the Americans with Disabilities Act ("ADA").

35. Plaintiff's pregnancy-related impairments, including high blood pressure, qualified as a disability under the ADA.

36. Plaintiff was capable of performing all essential functions of her employment position with a reasonable accommodation.

37. Plaintiff notified Defendants of her disability and requested a reasonable accommodation, that is, a 30 hour per week schedule.

38. Defendants retaliated against Plaintiff for requesting a reasonable accommodation by purposefully reducing her schedule below 30 hours per week, therefore rendering her ineligible for benefits according to Walgreens policy.

39. Defendants further retaliated against Plaintiff for taking disability-related leave by moving her to a part-time schedule on her return, despite her requests to move back to a full-time schedule.

40. As a direct and proximate consequence of Defendants' unlawful actions, Plaintiff has suffered injuries including, but not limited to, lost income, lost past and future wages, reinstatement, benefits, payment for health care, health insurance and various other expenses, pain and suffering, mental anguish, compensatory damages, liquidated damages, and attorney's fees and costs, all to be specified at trial.

**FOURTH CAUSE OF ACTION**

**FAMILY AND MEDICAL LEAVE ACT (INTERFERENCE)**

41. Plaintiff hereby realleges and reincorporates paragraphs 1-40.

42. At all times relevant to this Complaint, Defendants were covered employers under the FMLA, and employed more than 50 employees within 75 miles of the Harvey Pharmacy.

43. The FMLA forbids an employer from interfering with, restraining, or denying an employee's exercise or attempted exercise of any rights under that Act, including by reducing the employee's hours in order to avoid employee eligibility for leave.

44. Defendants denied Plaintiff's September 2016 leave request solely because she did not work at least 1,250 hours within the preceding 12 month period. Plaintiff met all other

criteria in order to be eligible for FMLA leave.

45. But for Defendants' unlawful decision to remove Plaintiff from the schedule as a result of her pregnancy, Plaintiff would have met the 1,250 service hour threshold.

46. Defendants' actions in reducing Plaintiff's hours below the 1,250 threshold for FMLA eligibility were intended to, and did, interfere with her rights under the FMLA.

47. As a direct and proximate consequence of Defendants' unlawful actions, Plaintiff has suffered injuries including, but not limited to, lost income, lost past and future wages, reinstatement, benefits, payment for health care, health insurance and various other expenses, pain and suffering, mental anguish, compensatory damages, liquidated damages, and attorney's fees and costs, all to be specified at trial.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

a. For compensatory damages including lost wages, past and future wages, and any other sums of money according to proof, including any and all employment benefits or fringe benefits;

b. For emotional distress, mental anguish and compensatory damages;

c. For liquidated damages;

d. For punitive damages pursuant to 42 U.S.C. § 1981a(b)(3)(D) and/or 42 U.S.C. § 12117(a);

e. For lost monies and damages pertaining to out-of-pocket expenses, including but not limited to health care costs and insurance costs;

f. For injunctive and equitable relief as provided by law;

g. For costs of suit, including an award of reasonable attorney's fees and expert fees;

h. For pre and post-judgment interest; and

i. For such other and further relief as may be just and proper.

Respectfully Submitted,

/s Charles J. Stiegler________
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
6557 West End Blvd.
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

AND

/s Justin M. Chopin_________
Justin Chopin, # 31100
CHOPIN LAW FIRM LLC
650 Poydras St., Suite 1550
New Orleans, La. 70130
(504) 323-5755 (telephone)
(504) 324-0640 (fax)
Justin@ChopinLawFirm.com